BRUCE, Respondent, v. ERTMOED, Appellant.

(221 N. W. 47.)

(File No. 5929.   Opinion filed September 22, 1928.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*A. B. Carlson,* of Canton, for Respondent.

BROWN, J.   Plaintiff and defendant were husband and wife for about 25 years, but were divorced on September 27, 1909, and by mutual agreement made a division of the property accumulated during their marriage.   Each subsequently married again.   They had several children, one of whom, Allen, who was generally known as Allie, was of age at the time of the divorce, but had been injured when about 18 years of age, and in consequence was an invalid.   In the agreement for the division of property, Allie's disability was recognized, and this clause was inserted:

"It is agreed that, in case Allie shall become unable to support

himself, then the support of him shall fall equally upon these parties."

Allie remained with his mother from the separation until his death on March 12, 1923. The quoted clause would indicate that Allie was able to support himself at the time of the separation agreement, August 26, 1909. Some time thereafter plaintiff asked defendant to contribute to Allie's support, and for about six months defendant paid into a bank $12 a month for this purpose, which was turned over to plaintiff. About two years later, defendant deeded Allie a house and lot, conceded to be worth $800, and has contributed nothing further.

After Allie's death his estate was administered, and the administrator's final account shows that there came into his hands as administrator $549.88 in cash, $155.50 collected by the administrator, $40 of which was from plaintiff, a balance of $350 due on a land contract, and four lots in the town of Lennox. After payment of funeral expenses and administration expenses, the residue of the property was divided equally between plaintiff and defendant. Thereafter plaintiff brought this action against defendant for boarding Allie, and for her services in caring for and waiting upon him. She testified that she was unable to say how much of her charge was for work, or how much for board, but that the two combined were worth $30 a month. She also claimed that at a period about 11 years before she boarded a chiropractor for nearly 10 months, who gave treatments to Allie in return for his board, and that his board during that period was worth $30 a month, or $295 in all. Under the instructions of the court, the jury found a verdict in her favor for $2,250, and from the judgment entered on the verdict defendant appeals.

Defendant contends that in no event could he be held liable for more than one-half the support for the time Allie lived in the six years next preceding the commencement of the action, and that anything beyond that is barred by the statute of limitations. The court refused a requested instruction to this effect, and charged that plaintiff was entitled to recover one-half the value of the care and support of Allie during all the time she cared for and supported him, and one-half the value of the medical attention furnished him.

In support of the contention that the court was right, respon-dent cites cases in which a parent agreed to compensate another for the support of a child until it should become of age, placing special reliance upon Jackson v. Mull, 6 Wyo. 55, 42 P. 603. But in the instant case defendant did not employ plaintiff to look after Allie nor did he agree to compensate her for the care and support of Allie. Instead, he agreed that, if Allie should become unable to support himself, then the liability for his support should fall equally upon both plaintiff and defendant. It seems to us that, under this agreement, he occupied exactly the situation of defendant in the case supposed by the court in Jackson v. Mull when it said:

"Did he merely assent to retain a liability to clothe, support, and educate his child, so that no other person could do so, and recover therefor, unless he omitted such duty? If so, then it would seem that no item would have any relation to any other, and the term of the statute must be completed from each item; and in such case the finding of the court would be a correct one,"
—the finding of the court in that case having been that plaintiff could recover only for the period within six years immediately preceding the commencement of the action.

There is no evidence of the value of the chiropractor's services, but, assuming them to be worth $30 a month, they were rendered at least 11 years before the commencement of the action. We think, under the terms of the contract on which plaintiff seeks to recover, she was only entitled to recover for one-half of the support of Allie for the time he lived during the six years next preceding the commencement of this action. Plaster v. Plaster, 53 Ill. 445; McCay v. McDowell, 80 Iowa 146, 45 N. W. 730; Whitley v. Whitley's Administrator, 80 S. W. 825, 26 Ky. Law Rep. 134. This time, as appears from the record, was 5 years and 5 months, which, at one-half of $30 a month, would be $975.

The judgment of the circuit court is modified, by substituting $975 for $2,250, and, as so modified, is affirmed. Neither party to recover costs in this court.

POLLEY and SHERWOOD, JJ., concur.
BURCH, P. J., and CAMPBELL, J., dissent.

BURCH, P. J. (dissenting). I do not think the evidence is sufficient to support a recovery in any amount. The most that

can be said of it is that plaintiff did take care of the son Allie without charging him for her services. There is nothing to show he was financially unable to pay for any help he needed. On the contrary, at the time of his death he owned a considerable property, which was given him by defendant. Plaintiff shared in this property as his heir. The evidence also shows that; while Allie lived with his mother, he assisted her husband in his business. The extent of this is not shown, and for aught we know it was more than enough to fully compensate for favors and attention he received.

CAMPBELL, J. (dissenting). Under all the facts and circumstances of this case, and in view of sections 191 and 193, Rev. Code 1919, I think defendant's motion for directed verdict in his favor should have been granted.

I therefore dissent.