TESCH, Appellant, v. TESCH, Respondent.

(277 N. W. 328)

(File No. 8081. Opinion filed January 25, 1938)

*Henry C. Mundt*, of Sioux Falls, for Appellant.
*Parliman & Parliman*, of Sioux Falls, for Respondent.

ROBERTS, P. J. This appeal presents the question whether the mother of an adult son unable to earn his living may recover from the father for necessaries furnished in the absence of an agreement. The evidence shows that plaintiff secured a judgment of divorce from her husband in July, 1934; that their son was at the time twenty-one years of age, but being afflicted with tuberculosis was unable to support himself; and that the son resided with and was cared for by the mother until June, 1936, when he died. Plaintiff instituted this action to recover from the father for the care and support of the son from the time of the separation of the parties in November, 1932, and for necessary medical and hospital attendance furnished the son while in the care of his mother and for funeral expenses paid by her.

The trial court found that the services rendered and the payment of medical and other expenses were voluntary and without an agreement on the part of the defendant to compensate. From a judgment and an order denying motion for new trial, plaintiff appeals.

Plaintiff contends that the law imposes a duty on the father to support his adult child who is incapable of earning his own living. In support of this contention, plaintiff relies upon the provisions of section 191, Rev. Code 1919, which read as follows: "It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding." This court in Sanborn County v. Lutter, 46 S. D. 363, 193 N. W. 55, with respect to the legal obligation of a parent under the provisions of this section, said: "This section does not limit the liability of a father or mother to the support of minor

children, nor does it make any exception of children, minors or adults, who may be insane. It makes both parent and children liable for the support of each other under the conditions named, regardless of the age of the children."

See, also, McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854; Meade County v. Welch, 34 S. D. 348, 148 N. W. 601; Tobin v. Bruce, 39 S. D. 64, 162 N. W. 933; Mower v. Mower, 47 S. D. 353, 199 N. W. 42; Shirley v. Madsen, 52 S. D. 43, 216 N. W. 601; Bruce v. Ertmoed, 53 S. D. 447, 221 N. W. 47; Haakon County v. Staley, 60 S. D. 87, 243 N. W. 671; Schmidt v. Clark County, 65 S. D. 101, 271 N. W. 667.

 The section referred to makes no distinction between the duty and obligation of the father to maintain an adult son unable to support himself and that of the mother. The liability is joint and several and continues to exist notwithstanding the granting of a divorce.

 If this were an action wherein a third person sought to recover compensation for necessaries furnished or if this were an action wherein local authorities were seeking to enforce the obligation of a parent to support, or if it were a proceeding in a divorce action for future maintenance, a very different question would arise. A mother is not in the same position as a third person who brings an action for necessaries furnished because of the neglect or refusal of the father to provide for his dependent child. Under the provisions of section 193, Rev. Code 1919, there is no legal obligation of a father in the absence of an agreement to compensate the mother for the voluntary support of their children. This section reads as follows: "A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without a just cause." It is not claimed that there was an agreement to compensate the plaintiff and the evidence clearly sustains the finding of the trial court that the plaintiff voluntarily cared for and supported her dependent son. It appears from the evidence that plaintiff was financially able adequately to provide support and discharge her statutory duty, and having assumed the

responsibility without expectation of compensation or demand upon the father that he provide or contribute to the support of their son, plaintiff cannot now assert that it was an involuntary undertaking.

The judgment and order appealed from are affirmed.