SAINT PATRICK HOSPITAL, a non-profit Corporation, DENNIS A. REIGHARD and MARGARET REIGHARD, Plaintiffs and Appellants, v. POWELL COUNTY, a Political Subdivision of the State of Montana, the Board of County Commissioners of Powell County in their capacity as the Powell County Welfare Board, Defendants and Respondents. .

No. 11854.
Submitted Sept. 18, 1970.
Decided Nov. 17, 1970.
477 P.2d 34

154

Mulroney, Mulroney & Delaney, Dexter L. Delaney argued, Missoula, for plaintiffs and appellants.

Chadwick Smith argued, Helena, amicus curiae.

Malcolm MacCalman argued, Deer Lodge, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the third judicial district, county of Powell entered following a trial before the court, sitting without a jury, which denied plaintiffs medical assistance under the Public Welfare Act of the state of Montana.

From the record it appears that on October 3, 1967, Michael Reighard, son of Dennis A. and Margaret Reighard, was severely injured by an accidental gunshot wound. The bullet entered his head above his nose and lodged in his head. He was given emergency treatment in Deer Lodge by Dr. F. L. Bertoglio and then immediately transferred to Saint Patrick Hospital in Missoula. At the hospital he was placed in the intensive care unit where he remained for approximately six weeks before his physician deemed him sufficiently recovered to be placed under regular nursing care. Michael was a patient at the hospital for a total of 134 days. It should be noted here that plaintiff hospital at that time had the only intensive care unit in western Montana, within reasonable proximity of Powell County.

The Reighard family, consisting of ten persons, had as its sole means of support the earnings of the father which were, at the time of the accident, approximately $472 per month. In addition, there was some unpredictable amount of overtime pay which the father received from time to time. The mother, Margaret Reighard, was physically unable to work outside the home. At the time of the hearing on plaintiffs' application for assistance the family was heavily in debt, to the extent of $2,000, and various collection agencies within the state were levying on the father's earnings.

An investigation by the hospital in regard to the financial posture of the Reighard family revealed that it could not pay the $13,055 due the hospital for the care of the son, Michael Reighard. The administrative manager of the hospital suggested to Mr. Reighard that he make application to the county welfare department for assistance. He made such an application and the local welfare officer made an investigation to ascertain if the family qualified for medical assistance. After confirming the above stated income, indebtedness and family problems, the welfare official denied the application on the basis that the standards set by the State Welfare Department provide that $382 per month is a sufficient income for a family of ten to sustain itself. The fact that the father earned more than $382 was the determining factor in the department's refusal of assistance.

The investigating welfare official testified that for the purposes of determining indigency of a family it was necessary to examine the total needs of the family; however, on cross-examination, she admitted she had not verified the family's grocery, clothing, medical or dental needs. She verified only the amount of their rent and the cost of transportation of the father to and from the mine where he worked. Testimony revealed that in the area where the Reighards resided it would be impossible for such a family to live on $382 per month; the level set by the welfare department for eligibility to receive welfare. Mrs. Reighard testified her family could not live on $382 per month and

that even at their present income level of $472 per month they were merely going deeper into debt.

Following the Powell county welfare department's ruling that the family was not entitled to assistance, an appeal was taken to the State Welfare Department pursuant to the provisions of section 71-223, R.C.M.1947. The State Welfare Department held a hearing and affirmed the Powell county welfare department's decision. Appeal was taken to the district court where both administrative decisions were upheld. The trial court made certain findings of fact and conclusions of law that are of import to our consideration of this appeal. The trial court found:

"That between October 3, 1967, and February 4, 1968, Plaintiff St. Patrick Hospital provided necessary hospital care and services to Michael A. Reighard, a minor child of Plaintiffs Dennis A. Reighard and Margaret Reighard, the reasonable value of which was $13,055.00. That all of the hospital care and services rendered by Plaintiff St. Patrick Hospital were reasonable and necessary to preserve the life and physical welfare of said Michael A. Reighard.

"That said Michael Reighard, the son of Dennis A. Reighard and Margaret Reighard, was, at the said time, one of eight children dependent upon Dennis A. Reighard for support and care. That Dennis A. Reighard works as a semi-itinerant miner and, at the time of the accident, earned approximately $118.00 per week as regular takehome pay together with some unpredictable amount of overtime pay. That the Reighard family was able to meet its bare living expenses from the earnings of Dennis A. Reighard but was unable to either liquidate old indebtedness incurred by it, many of which were referred to various collection agencies for collection purposes, or to accumulate any fund from which the family could pay any emergency expenses such as the one here contemplated. The Reighard family had a history of gradually going deeper into debt. The income of Dennis Reighard being less than sufficient to pay all of the family's needs. The Reighard family was indebted approximately to the extent

of $2,000.00 to a variety of creditors which indebtedness the family was unable to pay or otherwise liquidate. * * *

"That the standards established by the state department of public welfare provided that the maximum income permitted applicants for general assistance for families of ten (two adults and eight children) was $382.00 and that applicants having an income in excess of that amount were not eligible to receive public assistance.

"That the Reighard family is incapable of paying the indebtedness hereinabove referred to in the amount of $13,055.00 to St. Patrick Hospital and has been unable to make any payments of any nature whatsoever for purposes of reducing that obligation."

The trial court then made the following conclusions of law:

"That the State Department of Public Welfare is duly vested with discretionary powers to establish policies and regulations for the administration of the welfare laws.

"That adequate investigation of the application of Dennis Reighard for general assistance, medical was conducted by the Department of Public Welfare, Powell County; that such investigation revealed that the net monthly income of Dennis Reighard was in excess of the maximum monthly income allowed applicants for general assistance according to standards established by the State Department of Public Welfare.

"That Dennis Reighard was not, therefore, an indigent within the meaning and intendment of Sections 71-219, 71-242, 71-303 and 71-309, Revised Codes of Montana, 1947."

Plaintiffs present two issues for review.

1. The district court erred in finding that Dennis Reighard was not an indigent person within the meaning and intendment of the welfare laws of the state of Montana.

2. The standards of indigency applied by the Powell County Welfare Board to the facts of this case are arbitrary and unreasonable and are, therefore, inapplicable.

Article X. Sec. 5, of the Montana Constitution provides:

"The several counties of the state shall provide as may be prescribed by law for those inhabitants, who, by reason of age, infirmity or misfortunte, may have claims upon the sympathy and aid of society."

The Montana legislature by statute, Title 71, Public Welfare and Relief, sections 71-101 through 71-1604, R.C.M.1947, has provided for the carrying out of the constitutional provisions.

In a recent decision of this Court, Montana Deaconess Hospital v. Lewis and Clark County, 149 Mont. 206, 210, 425 P.2d 316, 318, we said:

"We approach this question assuming that an employable adult must be presumed not to be an indigent within the meaning of our statutes. While medical indigency has never been defined by this court, for our purposes here we look to the language of Section 71-308, R.C.M.1947, and Article X, § 5, of our Montana Constitution, that indigent persons entitled to medical aid and hospitalization are those persons unable to provide such necessities for themselves by reason of age, infirmity or misfortune."

In Montana Deaconess Hospital we recognized that indigency could result from numerous causes—age, infirmity or misfortune. There we looked to section 71-308, R.C.M.1947, for direction and it provides in pertinent part as follows:

"Medical aid and hospitalization for persons unable to provide such necessities for themselves are hereby declared to be the legal and financial duty and responsibility of the board of county commissioners * * *."

There is no question that under our Constitution and statutes there is an obligation to medically care for those indigents who receive public welfare assistance.

However there exists in our society persons who are not on welfare rolls but still not financially able in an emergency to meet the cost of hospital and medical care. Such persons must be hospitalized or allowed to suffer from improper or no care.

As to these infrequent emergency situations that confront one not on welfare, each case must be considered and decided on its own facts. There is no question but what the State

Welfare Department has the right to set up standards so long as they are reasonable, but when the individual fact situation demonstrates that as those standards are applied they become unreasonable, then it is the duty and burden of the welfare department to examine further into the individual case and they cannot rest on the provisions of the general rule.

Here the facts reveal a laborer trying to support a family which is suddenly faced with a calamitous medical disaster requiring funds far beyond his capacity to earn. It cannot be said that due to administrative regulations his request for medical assistance should be denied because he is not a pauper, but if he were the assistance would be forthcoming. Thus it is that as one examines the fact situation here existing and the standards set down by the department, the standards become unreasonable and they fail to comply with the constitutional article and the statutes governing its application.

In view of our holding on the first issue, it follows that the standard of indigency applied by the Powell County Welfare Board to the facts in this instance is unreasonable. This Court in State ex rel. Lewis & Clark County v. State Board of Public Welfare, 141 Mont. 209, 211, 376 P.2d 1002, 1003, concerning the promulgation and carrying out of rules and regulations, said:

"* * * ofttimes a rule of thumb, such as the fourteen day regulation, may serve this end. However, such a rule of thumb, while undoubtedly effective in the majority of cases, is simply unworkable in certain exceptional situations, this being one of them."

The same statement applies to the recommendations in this case of the welfare worker. She used the set arbitrary figure of $382 per month for a family of ten in her recommendation to the county board. No consideration was given to the family's history of indebtedness nor to the unexpected accident which put the family some $13,000 further in debt.

In construing our welfare statutes, we do not understand the legislative intent to be that in order for a person to be an "indigent person" within the meaning thereof to receive medical

assistance there must be a total lack of resources. Rather, we believe the legislative intent was to include those persons who do not have the present or future hope of resources sufficient to pay for all the medical and hospital services required in emergency instances.

The judgment of the district court is reversed. The Powell County Board of Commissioners is directed to pay appellants' claim.

MR. JUSTICES JOHN C. HARRISON, HASWELL, DALY and CASTLES concur.