No. 12738

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA, ex rel.
HAROLD D. HENDRICKSON,

           Petitioner and Relator,

-vs-

GALLATIN COUNTY, a political
subdivision of the State of Montana;
and BOARD OF COUNTY COMMISSIONERS OF
GALLATIN COUNTY, et al.,

           Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial District,
               Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Petitioner:

        Crowley, Kilbourne, Haughey, Hanson and Gallagher,
        Billings, Montana
        Robert Edd Lee argued, Billings, Montana

    For Respondents:

        Olsen and Gai, Bozeman, Montana
        Thomas Gai, Deputy County Attorney, argued, Bozeman,
        Montana
        Thomas Mahan, Special Assistant Attorney General,
        Helena, Montana

---

                Submitted:  June 17, 1974

                Decided:  SEP 16 1974

Filed:  SEP 16 '974

                      _Thomas J. Kearney_    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by Gallatin County from a denial by the district court of its motion for a change of venue and an application for a writ of review by Harold D. Hendrickson from a decision by the Board of Social and Rehabilitation Appeals affirming an order denying appellant state general assistance medical aid and hospitalization for August, 1972. By an order from this Court dated May 4, 1974, both matters were consolidated. Both parties requested this Court to decide on the merits of this case without prior district court review. Because this is an action in equity, because both parties stipulated that there are no facts in dispute and because of the extreme circumstances of necessity in this case, this Court has agreed to hear this appeal directly from the appeal before the Department of Social and Rehabilitation Services.

The facts of the case show that Harold D. Hendrickson was a truckdriver. He owned his own truck and leased it to G. D. Eastlick Inc., a grain shipper. On July 15, 1972, Hendrickson was injured in a single truck accident near Malta, Montana. At the time of the accident Hendrickson was residing in Billings with his wife and four children. Hendrickson had previously lived in Gallatin County but had moved from Gallatin County to Yellowstone County approximately seven months prior to the time of his accident. From July 15, 1972 to November 1, 1972, Hendrickson was confined to St. Vincent's Hospital and not able to be moved because of the extent of his injuries. On November 1, 1972, Hendrickson was transported to the Veteran's Administration Hospital at Miles City.

On August 1, 1972, Winifred Hendrickson, the wife of Harold Hendrickson, applied for public assistance on behalf of the appellant to the Yellowstone County Department of Public Welfare in Billings. Yellowstone County Welfare Department determined that

Hendrickson was eligible for medical assistance pursuant to section 71-1516, R.C.M. 1947, which administers a federally subsidized program valid for thirty days hospitalization. Aid to Hendrickson's family was approved in the form of family assistance in the sum of $187 per month. Upon the termination of benefits under the federally subsidized medical assistance program it was determined by the Yellowstone County Welfare Board that Gallatin County was the responsible county for state general assistance medical aid and hospitalization for persons unable to provide such necessities for themselves pursuant to section 71-308, R.C.M. 1947, because Hendrickson had undertaken residence in Yellowstone County less than one year before his disability ensued.

On September 21, 1972, Gallatin County, by its county welfare board, denied state general assistance medical aid and hospitalization for Hendrickson. On October 3, 1972, a second application for such assistance was filed on behalf of Hendrickson and it too was denied. Appellant made application for a statutory fair hearing, which fair hearing was held February 14, 1973. The decision of the hearing officer was entered on February 20, 1973, granting Hendrickson general assistance medical aid and hospitalization for the month of September 1972, and the first fifteen days of October 1972; denying Hendrickson general assistance medical aid and hospitalization for the month of August 1972, on the ground that Hendrickson received during that month a $789 insurance settlement for the property damage to his truck's trailer caused by the accident, and that compensation should be considered income, and therefore, Hendrickson exceeded the state welfare income eligibility standards during that month; and holding that St. Patrick Hosp. v. Powell Co., 156 Mont. 153, 477 P.2d 34, was not precedent setting and therefore does not apply to the Hendrickson claim.

Hendrickson then appealed the decision of the hearing officer

- 3 -

denying him general assistance medical aid and hospitalization for the month of August to the Board of Social and Rehabilitation Appeals for the State of Montana on April 4, 1973. Gallatin County did not appear. On April 5, 1973, the Board denied Hendrickson relief and affirmed the hearing officer.

On May 4, 1973, Hendrickson petitioned for review in the district court for the thirteenth judicial district of the State of Montana, in and for the County of Yellowstone. Gallatin County moved for a change of venue on May 21, 1973, which motion was denied by the district court on February 13, 1974. On March 8, 1974, Gallatin County filed a notice of appeal to this Court from the order below denying change of venue. That appeal, docketed as Cause No. 12721, was consolidated with the medical assistance question pursuant to the order of this Court dated May 4, 1973.

This Court is therefore asked to review the questions of venue and the denial by the hearing examiner of general assistance medical aid and hospitalization for the month of August, 1972, which amounted to a total of approximately $6,183.10.

The Montana Administrative Procedure Act, which is set out in section 82-4216, R.C.M. 1947, provides for judicial review of contested cases and section 82-4216(2) reads:

> "Proceedings for review shall be instituted by filing a petition in district court within thirty (30) days after service of the final decision of the agency, or if a rehearing is requested, within thirty (30) days after the decision thereon. Except as otherwise provided by statute, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business, or where the agency maintains its principal office. * * *" (Emphasis added.)

Gallatin County contends that section 93-2903, R.C.M. 1947, provides that all actions against a county must be commenced and tried in such county. The statute reads:

> "An action against a county may be commenced and tried in such county, unless such action is brought

- 4 -

by a county, in which case it may be commenced
and tried in any county not a party thereto."

The county cites Good Roads Machinery Co. v. Broadwater Co.,
94 Mont. 68, 20 P.2d 834, in support of his argument. The
county contends that since section 82-4216(2) states that
"Except as otherwise provided by statute", the county in which
the petitioner resides shall be the proper county to file the
appeal and since section 93-2903, R.C.M. 1947, does not provide
that all actions against a county must be brought in that county,
appellant's appeal must be brought in Gallatin County. With that
argument, this Court cannot agree. Good Roads Machinery Co. is
not in point with the facts in this case, since it involved liti-
gation originating in the district court against the county. This
case before us now is an action brought to review the administra-
tive proceedings before the Board of Social and Rehabilitation
Appeals; it is not an action brought against the county and does
not come within the purview of section 93-2903, R.C.M. 1947. Sec-
tion 82-4216(2), R.C.M. 1947, is the statute which properly deter-
mines the venue in this case. Yellowstone County is the county
in which Hendrickson may file his appeal. We therefore affirm the
district court's denial of the motion for a change of venue.

We next turn to the question of whether Hendrickson was
properly denied medical and hospitalization financial aid for the
month of August, 1972. We find that the decision of the Board of
Social and Rehabilitation Appeals to affirm the findings of the
hearing examiner is not supported by the evidence presented at the
fair hearing. At the time of the accident, Hendrickson was the
sole supporter for his family. His wife coincidently began work
the very day of the accident and was bringing home about $110 to
$120 every two weeks. There are four children in the family.
Records show that before the accident the Hendricksons were barely
making ends meet. There was no insurance to cover Hendrickson's

hospitalization. The only property Hendrickson had was a trailer home in which they lived and in which they had an equity of $1,300. The insurance settlement for the loss of the truck amounted to $789. The $789 was used by Mrs. Hendrickson to cover everyday living expenses. There is no evidence that the Hendrickson's financial affairs will soon be any brighter. It becomes clearly obvious that although the Hendricksons might not be economically indigent, insofar as general assistance is concerned, however, they have no means to meet with this medical catastrophe that Hendrickson has suffered. This case, therefore, is controlled by our holding in St. Patrick Hosp. v. Powell Co., 156 Mont. 153, 477 P.2d 34. In that case the injured party was a child. In the case before us the injured party is the family breadwinner which makes the fact situation more persuasive than that found in St. Patrick Hosp. We will restate our holding in that case so that there will be no misunderstanding of the law in Montana applicable to this class of cases:

> " * * * we do not understand the legislative
> intent to be that in order for a person to be
> an 'indigent person' within the meaning thereof
> to receive medical assistance there must be a
> total lack of resources. Rather, we believe
> the legislative intent was to include those
> persons who do not have the present or future
> hope of resources sufficient to pay for all the
> medical and hospital services required in
> emergency instances."

We find that Harold Hendrickson falls within this class of persons. He is medically indigent. Therefore, we reverse the decision of the hearing examiner and order Gallatin County to pay for the medical bills incurred by Hendrickson.

_____
                                    Justice

We concur:

_____

- 6 -

_Frank I. Haswell_

_John Conway Harrison_

Justices

_[signature]_

Hon. M. James Sorte, District
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.