**SIOUX VALLEY HOSPITAL ASSOCIATION, Plaintiff and Appellant,**

v.

**JONES COUNTY, South Dakota, Defendant and Appellee.**

**No. 13288.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 11, 1981.

Decided Sept. 2, 1981.

---

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Charles D. Kell, State's Atty., Jones County, Murdo, for defendant and appellee.

DUNN, Justice.

This is an appeal from a judgment denying Sioux Valley Hospital Association (appellant) reimbursement for the cost of emergency care given to a resident of Jones County. We reverse and remand.

On April 11, 1979, Julie Elrod gave birth to a premature infant girl at St. Mary's Hospital in Pierre, South Dakota. A few hours later, the baby was transported by ambulance to Sioux Valley Hospital in Sioux Falls, South Dakota, for emergency care in the intensive care nursery. She remained in Sioux Valley Hospital for about six weeks. The cost of hospitalization was $7,410.12. The parents (Elrods) of the infant were life-long residents of Jones County, South Dakota.

Appellant served Jones County with a written notice of the hospitalization of the baby pursuant to the requirements of SDCL 28–13–34.[1] Ten months later a claim under SDCL 28–13–33,[2] to hold the county liable for emergency hospitalization of an indigent person was filed with the Jones County Auditor and presented to the county

1. SDCL 28–13–34 provides:

In any case where such emergency hospitalization to such indigent person is furnished, there shall be no liability on any such county for such hospitalization unless within fifteen days from admittance of said indigent person, notice of hospitalization bearing the name of the attending physician shall be filed with the county auditor of such county.

2. SDCL 28–13–33 provides:

Subject to the provisions of §§ 28–13–28 to 28–13–32, inclusive, and except as hereinafter expressly provided, whenever hospitalization for an indigent person has been furnished by a hospital in any emergency case, the county where the indigent person has established residency shall be liable to the hospital as herein provided, and shall have the same remedies for the recovery of such expense as are provided by statute for the recovery of money expended for the relief and support of poor and indigent persons.

commissioners at their regular meeting. Without making a formal finding regarding the issue of indigency, the county commissioners denied poor relief liability acknowledging that the Elrods had not applied for assistance and that they were both employed. The hospital then commenced this suit in circuit court against the county.

At trial, the Elrods testified that their joint gross earnings for 1979 were $10,920.97. The total bill for the premature birth of their daughter including ambulance, clinic and hospital care was $10,607.12. They are paying $120.00 per month on the medical costs incurred from their daughter and had a balance owing of $8,996.00 at the time of trial. The amount owed to Sioux Valley Hospital was $6,754.00. The Elrods own no real estate, stocks, bonds or investments. They pay rent of $120.00 per month for a furnished basement apartment. They own two older motor vehicles and some household goods. The circuit court found for the county, stating that the determination of the county commissioners that the Elrods were not indigent was not clearly erroneous. The circuit court did not make a finding on the indigency issue.

■ Appellant contends that the trial court erred in applying a clearly erroneous standard of review to the county commissioners' determination that the Elrods were not indigent. We agree. An appeal from an action of the county commissioners shall be heard and determined de novo in circuit court. SDCL 7-8-30. Thus, the circuit court should determine anew the question of indigency, independent of the county commissioners' decision.

The circuit court has a duty to make findings of fact upon every issue raised by the pleadings and its failure to do so is reversible error if a substantial right has been prejudiced. *Grady v. Commers Interiors, Inc.*, 268 N.W.2d 823 (S.D.1978); *Stugelmayer v. Ulmer*, 260 N.W.2d 236 (S.D. 1977). To determine whether a substantial right has been prejudiced, this court must decide if sufficient evidence exists in the record on which a finding in favor of the party alleging reversible error can be made. *Id.* at 240.

■ In this instance, the circuit court failed to enter a finding on the question of indigency. The circuit court did find that the Elrods incurred a total debt of $10,607.12 for the treatment of their daughter; their joint earnings were $10,920.97 for 1979; they had limited assets; and that they were paying $120.00 per month to creditors for the medical expenses. These facts are sufficient to support a possible finding of indigency as defined in SDCL 28-13-27(2). We are not holding that the Elrods were indigent, for this issue is a matter for the circuit court to determine on remand.

■ However, we do find that the criteria used by the county commissioners was not sufficient. The fact that both parents were employed is not controlling where their combined income was only $10,920.97. In *Saint Patrick Hospital v. Powell County*, 156 Mont. 153, 158-159, 477 P.2d 340, 343 (1970), the Montana Supreme Court held that emergency assistance eligibility was not based on a complete lack of resources, but also applied to "those persons who do not have the present or future hope of resources sufficient to pay for all the medical and hospital services required in emergency instances."

■ The circuit court also found that the Elrods had not applied to Jones County for medical relief. The failure of the Elrods to apply is not a necessary prerequisite to holding the county liable for emergency hospital relief. *Mercy Med. Ctr. of Oshkosh, Inc. v. Winnebago County*, 58 Wis.2d 260, 206 N.W.2d 198 (1973). A hospital must furnish notice to the county following emergency hospitalization in compliance with SDCL 28-13-34 and the patient must be an indigent person before the county is liable for the costs of emergency hospitalization. However, there is no requirement that the patient apply for emergency hospital relief for this might hinder the delivery of emergency hospital services to the indigent. A hospital would be placed in the

position of negotiating over payment for its services prior to performing those services. *Id.* The circuit court should determine de novo the eligibility of the Elrods for relief under SDCL 28–13–33 without considering their failure to apply for assistance.

The judgment is reversed, and the matter is remanded to the circuit court for further action consistent with this opinion.

All the Justices concur.