**SIOUX VALLEY HOSPITAL ASSOCIA-
TION, Plaintiff and Appellant,**

v.

**DAVISON COUNTY, South Dakota,
Defendant and Appellee.**

No. 13566.

Supreme Court of South Dakota.

Argued March 23, 1982.

Decided May 12, 1982.

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Patrick W. Kiner, Davison County State's Atty., Mitchell, for defendant and appellee.

DUNN, Justice.

This is an appeal from a judgment denying Sioux Valley Hospital Association (appellant) reimbursement for the cost of emergency medical care given to a resident of Davison County, South Dakota. We affirm.

On May 13, 1978, Mickey Chapman was injured in an automobile accident near Mitchell, South Dakota. He was taken to the Methodist Hospital in Mitchell and was later transported by ambulance to Sioux Valley Hospital in Sioux Falls, South Dakota for emergency care. He remained in Sioux Valley Hospital for about three weeks. The total cost of his hospitalization was $6,977.48. Chapman received State Title 19 funds for the medically indigent in the amount of $624.90, leaving a balance due the hospital by Chapman in the sum of $6,352.58. Chapman had lived in Mitchell for almost one year prior to the time of the accident.

Appellant filed written notice of Chapman's hospitalization with the Davison County Auditor pursuant to the requirements of SDCL 28–13–34. Chapman requested county assistance to help pay his hospital bill. The county commissioners denied emergency medical care relief.

In March of 1979, the account was turned over to a collection agency. For a year, Chapman made monthly installment payments of $10.00 to $20.00 on the account.

He was unable to reduce the outstanding balance, however, because of the interest charges. Chapman then offered $1000.00 to appellant as a full and complete settlement of the hospital bill. Appellant declined this offer. Chapman filed a voluntary petition for bankruptcy. His debts, including the hospitalization bill, were discharged.

At trial, Chapman testified that his gross earnings for 1978 were $11,500.00 and for 1979 $12,500.00. His personal assets were valued at $830.00. He owned no real estate, stocks, bonds or investments. The total bill for the accident, including ambulance, clinic and hospital care, was $10,851.31. At the time of trial, the amount owed to Sioux Valley Hospital was $6,223.08. The circuit court found that Chapman was not indigent, and held for the county.

Appellant contends that the trial court erred in finding that Chapman was not indigent. Whether Chapman is indigent is a question of fact to be determined by the trial court. *Sioux Valley Hospital Ass'n v. Jones County*, 309 N.W.2d 835 (S.D. 1981). In reviewing this matter, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. The trial court's findings of fact shall not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

The legislature has defined the term indigent person as "any person who is needy or poor or does not have sufficient money, credit or property to furnish support or does not have anyone able to support him to whom he is entitled to look for support or is unable to work because of illness or injury[.]" SDCL 28–13–27(2).[1] We have held that a person need not have a complete lack of resources to be eligible for emergency medical assistance, but rather eligibility is also available to " 'those persons who do not have the present or future hope of resources sufficient to pay for all

1. The 1980 Legislature amended the statute to include this definition of indigency. The statute formerly read that an indigent person was "any person entitled to poor relief under the provisions of this chapter" without defining what person was entitled to poor relief. While this amendment was not in effect in 1978, when this hospital bill was incurred, it would not appear to change the eligibility requirements for one entitled to poor relief. *See* SDCL 28–13–1; 28–14–3.

the medical and hospital services required in emergency instances.'" *Sioux Valley Hospital Ass'n v. Jones County*, 309 N.W.2d at 837 quoting from *Saint Patrick Hospital v. Powell County*, 156 Mont. 153, 158–59, 477 P.2d 340, 343 (1970). Medical indigency is to be determined in light of the facts that exist upon hospital admission and at the time the bill is due. *Albany Medical Center Hospital v. Harris*, 28 A.D.2d 784, 280 N.Y. S.2d 778 (1967).[2]

■ At the time the bill was due, Chapman owed a total of $10,851.31 for medical care expenses. His only other indebtedness was to Beneficial Finance for an amount not specified in the record. Chapman's gross earnings were $11,500.00 for seven months in 1978. He was single, twenty-six years of age and employed as a journeyman plumber. He made minimal installment payments of between $10.00 and $20.00 per month on the hospital bill prior to the discharge of his indebtedness through bankruptcy in March of 1980. Chapman stated that he was also making monthly installment payments on his other medical bills, but the record does not reflect the amounts paid per month on each bill. In light of Chapman's employment status, his income and indebtedness, and his being single, we find that the trial court was not clearly erroneous in determining that Chapman had the present or future hope of resources sufficient to pay for the medical care expense.[3]

■ Appellant contends that since Chapman declared bankruptcy in March of 1980, he is, therefore, indigent. Under the bankruptcy laws, Chapman was entitled to relief because his debts exceeded the fair market value of his property. Bankruptcy Code, 11 U.S.C. § 101(26) (1979). A person is eligible for emergency medical assistance if he does not have the present or future hope of resources to pay for his emergency medical and hospital expenses. *Sioux Valley Hospital Ass'n v. Jones County, supra.* These two standards are different. Therefore, Chapman's bankruptcy was one of several factors to be considered by the trial court, but it was not dispositive of the indigency issue.

We find that the trial court did not err in determining that Chapman was not indigent. We affirm the judgment of the trial court.

WOLLMAN, C. J., and HENDERSON, J., concur.

MORGAN and FOSHEIM, JJ., dissent.

FOSHEIM, Justice (dissenting).

The findings of the trial court display errors and inconsistencies, repeated by the majority, which in my opinion compel a different conclusion. The trial court refused to admit evidence concerning Chapman's support obligations in 1979. That ruling seemingly was based on the theory that only Chapman's circumstances at the time of the accident, in May 1978, were relevant to the question of indigency. Yet the trial court found from Chapman's 1978 *and* 1979 earnings that he had "the present or *future* hope of resources" (emphasis added) sufficient to pay for his hospital and medical expenses. A similar inconsistency is even more apparent in the majority opinion. It boldly states that the question of indigency must be determined on the facts as they exist at the time of hospital admission, but then proceeds to define the standard for indigency as whether Chapman has the "present *or future* hope of resources to pay for his emergency medical and hospital expenses." (Emphasis added.) How can it be right both ways? Such a double standard willy-nilly operates unfairly against the alleged indigent.

If the standard is confined to Chapman's financial circumstances at the time of his

2. Since medical indigency is to be determined at the time of admission and when the bill is due, the trial court did not err in excluding evidence of Chapman's marriage and adoption of two children in April of 1979.

3. In oral argument, counsel for appellant suggested that public policy considerations demand that the loss sustained by Sioux Valley Hospital would be better spread over the taxpayers of Davison County rather than the patients of Sioux Valley Hospital. We do not deem this case to be a proper springboard for discussing the merits of socialized medicine.

hospital admission, then he was indigent as that term is now defined by SDCL 28–13–27(2). All he had was a job, at or near the poverty level, which was then paying him nothing because he could not work. Following his release from the hospital he convalesced for a prolonged period of time during which he likewise earned nothing.

If the standard is "present or future resources," then the trial court erred in refusing to consider evidence bearing on Chapman's post-injury circumstances and obligations. After returning to work his affordable payments did not cover the interest on the unpaid balance, even as reduced from other public sources which did recognize his indigency. We concluded in *Sioux Valley Hospital Ass'n v. Jones Co.*, 309 N.W.2d 835 (S.D.1981), that the fact of employment, and particularly low income employment, was not controlling in determining indigency. Consequently, whichever standard is appropriate, the facts and the trial court's findings fail to support the conclusion that Chapman was not indigent.

I am authorized to state that Justice MORGAN joins in this dissent.