**SIOUX VALLEY HOSPITAL ASSOCIATION, a charitable corporation, Plaintiff and Appellee,**

v.

**Peter M. MIES, Defendant and Appellant,**

**and**

**Larry Robeson and Beadle County, South Dakota, Defendants.**

**Nos. 15852, 15853.**

Supreme Court of South Dakota.

Argued Jan. 14, 1988.

Decided April 13, 1988.

Rehearing Denied May 23, 1988.

Thomas M. Frankman of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Gerald L. Kaufman, Jr., of Churchill, Manolis, Freeman & Kludt, Huron, George N. Manolis, on brief, for defendant and appellant.

HENDERSON, Justice.

## PROCEDURAL
## BACKGROUND/ISSUES PRESENTED

Plaintiff/Appellee, Sioux Valley Hospital Association (Hospital), brought actions, in the circuit court for Beadle County, for payment of medical bills incurred by Gail Mies (Mother) and her son, John Robeson (Grandchild). Named as defendants were her father, Peter M. Mies (Grandfather); Larry Robeson (Father); and Beadle County (County). These actions were consolidated by the circuit court, which decided that Grandfather was liable for all the debts. Grandfather appeals, arguing that there was no statutory authority for the circuit court's holding him liable for either his (a) adult daughter's or (b) infant grandchild's medical bills.

Hospital filed a Notice of Review asking reconsideration of the potential liability of Father and County.

We reverse the circuit court decision on all issues raised.

## FACTS

Mother is a registered nurse who was living with Father, whom she married in June 1985, and two children (one of them her own) at the time relevant events to this appeal surfaced. She gave birth to Grandchild on August 30, 1984.

In September 1984, Hospital provided Mother with medical services totaling $5,648.04. Grandchild was provided medical services aggregating $14,117.91 between August 30 and September 19, 1984. Grand total of the medical bills was $19,765.95. At the time Mother was hospitalized and billed, she was unemployed, but she had a steady work history before and after. In 1984, Mother earned $9,000.00. Father, who is self-employed, earned $7,333.00 in 1984, and had assets of $3,000.00. Mother had assets of approximately $1,435.00, but, due almost entirely to her recent childbirth, and the medical bills in question here, liabilities of $39,412.72. Until these setbacks, Mother and Father had made ends meet.

Hospital insisted on payment of the full amount immediately, though both Mother and Father indicated willingness to pay if allowed to make time-payments. Father offered to pay $50.00 a month, which Hospital refused. Mother filed for bankruptcy in January 1985, and her debts were discharged in June 1985. Hospital then sought payment from Father, Grandfather, and County.

The circuit court declined to find Mother medically indigent as, it opined, she had Grandfather to look to for assistance. The trial court also concluded that Father, though he had no present or future hope to pay the debts, was not medically indigent as Hospital had not proven his parents could not assist him. County was not responsible for the debt, as the parents were not poor, as required by SDCL 28-13-1.1. The full amount of debt fell on Grandfather, whom the court decided was liable for both bills because, per SDCL 25-7-6, it was his duty to support his child (Mother). This appeal followed.

## DECISION

I. GRANDFATHER'S APPEAL, # 15852

It is settled law in this state that the obligation to support poor persons results not from common law, but statutes. *Sioux Valley Hosp. Ass'n v. Davison County*, 298 N.W.2d 85 (S.D.1980); *North Dakota ex rel. Strutz v. Perkins County*, 69 S.D. 270, 273–74, 9 N.W.2d 500, 501 (1943). South Dakota statutes contain no authority to attribute the medical debts of an adult emancipated child to a parent. The court ruled that SDCL 25-7-6 was the source of

Grandfather's responsibility. This statute provides:

It is the duty of the father, the mother, and the children, of any poor person *who is unable to maintain himself by work,* to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding. (Emphasis added.)

This applies where an adult child is unable to make a living. *Tesch v. Tesch,* 65 S.D. 637, 277 N.W. 328 (1938) (interpreting § 191, S.D.Rev.Code, 1919, which was identically worded). It makes parents and children liable for support of each other "under the conditions named." *Tesch,* 65 S.D. at 639, 277 N.W. at 329. This Court has stated that there is no continuing duty once a child attains majority and is physically and mentally able to support herself. *Schmidt v. Clark County,* 65 S.D. 101, 271 N.W. 667 (1937). This pattern is reflected in our statutes:

SDCL 25–5–17 provides:

The authority of a parent ceases:

(1) Upon the appointment by a court of a guardian of the person of the child;

(2) Upon the marriage of the child;

(3) *Upon its attaining majority;*

(4) *Upon the emancipation of a child.* (Emphasis added.)

SDCL 25–5–18 provides:

No child can be emancipated *unless he is in no manner dependent on his parents for support.* (Emphasis added.)

SDCL 25–5–18.1 provides:

The parents of any child are under a legal duty to support their child in accordance with the provisions of § 25–7–7, *until the child attains the age of eighteen, or until the child attains the age of nineteen* if he is a full-time student in a secondary school. (Emphasis added.)

The statutory structure is quite clear. An able, functioning adult is not the responsibility of his parent. *Birchfield v. Birchfield,* 417 N.W.2d 891 (S.D.1988) (interpreting SDCL 25–5–18.1). If the child lacks the ability to make a living, the situation is different. Mother worked before her pregnancy and after. She is a registered nurse. She is manifestly able to fend for herself. The statute the court relied on to absolve the county, SDCL 28–13–1.1, informs us:

For the purposes of this chapter, an indigent or poor person is any person who does not have sufficient money, credit or property to furnish support or does not have anyone able to support him *to whom he is entitled to look for support* or is unable to work because of illness or injury.... (Emphasis added.)

■■■■ The adult emancipated child, able to work, is not the charge of his/her parent. As Mother is not entitled to look to Grandfather for support, the trial court erred in considering him as a source of support. We agree totally with Grandfather's quote from *Sacred Heart Medical Center v. Williamson,* 637 F.Supp. 184, 186 (E.D.Pa.1986):

[P]laintiff's argument leads to a *reductio ad absurdum.* One need only envision a 40 year old wage earner who is disabled for six weeks with a broken arm. Under plaintiff's argument, his parents would be liable for his medical bills. If the law intends any such bizarre result, then surely Mr. Bumble would have been right in his appraisal of the law as "a[n] ass, a[n] idiot." C. Dickens, *Oliver Twist,* Ch. 51.

In short, Grandfather can be liable for neither Mother's bills, nor Grandchild's, as he is even further removed statutorily. SDCL 25–7–6 makes no reference to grandparents. The trial court's decision that Grandfather was liable for the medical bills in question is hereby reversed. The implications of this holding for Father and County are considered below.

## II. HOSPITAL'S NOTICE OF REVIEW, # 15853

Hospital argues that the potential liability of Father and County should be reconsidered. In view of our reversal regarding Grandfather, we agree. In passing, we note that Father and County were properly informed of Hospital's notice of appeal, and participated, with counsel, in the trial pro-

ceedings. They opted not to participate in this appeal.

 "Every county has a duty to relieve and support poor and indigent persons who reside within its boundaries." SDCL 28–13–1; *Sioux Valley Hosp. Ass'n v. Bryan*, 399 N.W.2d 352, 354 (S.D.1987). Counties are liable for emergency hospitalization of indigent residents. SDCL 28–13–33. Medical indigency is to be determined in light of the facts that exist upon hospital admission and at the time the bill is due. *Sioux Valley Hosp. Ass'n v. Davison County*, 319 N.W.2d 490, 492 (S.D.1982). A person is eligible for emergency medical assistance if he does not have the present or future hope of resources to pay for his emergency medical and hospital expenses. *Id.* at 492. The determination that an individual is indigent is a question of fact to be determined by the trial court. *Id.* at 491.

The trial court's findings of fact dated May 11, 1987, in Grandfather's case file (Civil No. 86–175), support the conclusion that Father and Mother lacked the present means and future hope to pay the medical bills (Findings of Fact Nos. 14–18). Regarding Father specifically, Finding of Fact No. 18 stated that Father "did not have any future hope of ever being able to pay the Sioux Valley Hospital bill, and did not anticipate any large inheritances or gifts or things of that nature that would allow him to pay the Sioux Valley Hospital bill." However, the court's findings of fact in Father's case file (Civil No. 87–9) opine that Father had no immediate assets to pay Grandchild's bill, but could have paid it "if Plaintiff would accept either a reduced amount or modest monthly payments, which was refused by Plaintiff, Sioux Valley Hospital." Finding of Fact No. 7. As the offer Hospital declined was a monthly payment of fifty dollars per month, and the court acknowledged that monthly interest on the bills was approximately two hundred dollars, the finding that Father could pay is clearly erroneous. The trial court's findings of fact in this case are contradictory, but contain the facts necessary to support liability on the part of the County.

It is also apparent that the court based its conclusions of law regarding the indigency of Mother and Father on the fallacious notion that grandparents were sources of support under SDCL 25–7–6 and SDCL 28–13–1.1. This same error of law was the source of its decision that the County was not liable. Both Mother and Father were unable to pay, and had no future hopes of doing so; they fit the definition of medical indigence set out in *Sioux Valley Hosp. Ass'n v. Davison County*, 319 N.W.2d at 492. The County is, therefore, liable for these medical expenses under SDCL 28–13–33. We reverse the trial court and remand this case for entry of judgment in favor of Grandfather, Father, and against the County.

All the Justices concur.