**SIOUX VALLEY HOSPITAL ASSO-CIATION, a charitable corpora-tion, Plaintiff and Appellee,**

v.

**LAKE COUNTY, South Dakota, Defendant and Appellant.**

No. 18918.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1995.

Decided June 14, 1995.

Thomas M. Frankman of Davenport, Evans, Hurwitz and Smith Sioux Falls, for plaintiff and appellee.

Wilson Kleibacker, Lake County State's Atty., Madison, for defendant and appellant.

Don A. Bierle of Bierle & Michels, Yankton, for amicus curiae SD Hosp. Ass'n.

SABERS, Justice.

Beman was admitted to Hospital for emergency care. Hospital sought payment for medical costs from County. County refused, claiming he was not "indigent" under its guidelines. The trial court found he was "indigent" and ordered County to pay medical costs. County appeals and we affirm.

## FACTS

David Beman (Beman), a resident of Madison, Lake County, South Dakota, was admitted to Sioux Valley Hospital (Hospital) on October 25, 1992 for emergency care. On October 26, 1992, Hospital sent notice of hospitalization to Lake County. Between October 25 and November 5, 1992, Hospital furnished Beman medical services of $5,159.69.

At the time of hospitalization and when the bill was due, Beman and his wife Ruth Beman had approximately $4,500 in assets and $55,000 to $60,000 in debts. The trial court found Beman and his wife had income of approximately $1,800.00 per month and "reasonable monthly expenses in the amount of approximately $1,900.00."

Lake County (County) had established guidelines to determine "indigency" under SDCL 28–13. The Beman household consists of Beman, his wife, and her three children. For a household of five, the County's maximum income for welfare eligibility was $1,025.00 per month. County determined he was not indigent because the Beman household income exceeded this level. County refused to pay Beman's hospital bill.

Beman filed a Chapter 7 bankruptcy petition on June 14, 1994, ten days before trial. County also claims its obligation is extinguished by Beman's bankruptcy filing because once his debts were discharged, he could pay the bill.

Hospital sued, claiming Beman was indigent and County's guidelines do not conform to state law. The trial court found the Bemans did not have sufficient funds to meet medical debts. The court concluded Beman was "indigent" and Hospital was entitled to judgment in the amount of $5,159.69, plus

pre-judgment interest and costs. County appeals.

### 1. Whether Beman was "indigent?"

 "Every county has a duty to support indigents residing within its boundaries." *Appeal of Presentation Sisters, Inc.*, 471 N.W.2d 169, 174 (S.D.1991) (citing SDCL 28–13–1). SDCL 28–13–1.1 provides in part:

[A]n indigent or poor person is any person who does not have sufficient money, credit or property to furnish support or does not have anyone able to support him to whom he is entitled to look for support or is unable to work because of illness or injury.... [E]ach county shall establish reasonable eligibility standards for county poor relief. However, such standards shall be consistent with relevant federal statutes, case law and the provisions of this section and [SDCL] 28–13–1.2.

*Id.*

Medical indigency is to be determined in light of the facts that exist upon hospital admission and at the time the bill is due. *Sioux Valley Hosp. Ass'n v. Davison County,* 319 N.W.2d 490, 492 (S.D.1982); *Sioux Valley Hosp. Ass'n v. Mies,* 422 N.W.2d 414, 417 (S.D.1988). The determination that an individual is indigent is a question of fact to be determined by the trial court. *Davison County,* 319 N.W.2d at 491; *Mies,* 422 N.W.2d at 417. Findings of fact will not be disturbed unless they are clearly erroneous. *Cordell v. Codington County,* 526 N.W.2d 115, 116 (S.D.1994).

██ "In South Dakota, counties have a specific duty to provide hospitalization, medical care, and treatment for poor persons." *Appeal of Presentation Sisters, Inc.,* 471 N.W.2d at 174 (citations omitted). Hospitals may be paid for medical expenses by the indigent's county of residence if the hospital complies with procedural requirements. *Id.* (citation omitted). It is undisputed Hospital complied with procedural requirements on notice. County did not inform Hospital that it was not going to pay for the hospitalization, nor did it seek alternative treatment. *Sioux Valley Hosp. Ass'n. v. Tripp County,* 404 N.W.2d 519, 523 (S.D.1987) (Sabers, J. and Wuest, C.J. dissenting). Therefore, County is liable to Hospital if Beman was indigent.[1]

 County claims Beman is not eligible for relief as an "indigent" because his income exceeded County's guidelines for indigency. County claims Ruth Beman is employed and will have a higher paying job once she graduates with a degree in medical records. As we noted in *Sioux Valley Hosp. Ass'n v. Jones County,* 309 N.W.2d 835, 837 (S.D. 1981), "emergency assistance eligibility was not based on a complete lack of resources, but also applied to 'those persons who do not have the present or future hope of resources sufficient to pay for all the medical and hospital services required in emergency instances.'" (quoting *St. Patrick Hosp. v. Powell County,* 156 Mont. 153, 477 P.2d 340, 343 (1970)). *See Mies,* 422 N.W.2d at 417.

Hospital notified County according to SDCL 28–13. The court found Beman could not pay the hospital bill. The court found Beman "indigent" according to SDCL 28–13–1.1.[2] County has not shown this finding to be erroneous.

### 2. Whether Beman's bankruptcy extinguishes County's obligation to pay for his hospitalization?

 Beman filed a Chapter 7 bankruptcy petition ten days before trial. In his

---

1. Nothing prevented Lake County from filing a County Aid Lien against Beman to attempt to preserve its claim against Beman in the event his indigency status changed. SDCL 28–14. However, the County Aid Lien may be voidable upon Beman's bankruptcy filing or discharge. *See In re Claussen,* 118 B.R. 1009 (Bkrtcy.D.S.D.1990).

2. County points to assets including several vehicles and a motorcycle. Each vehicle was worth a few hundred dollars. Beman purchased a $3,500 motorcycle with a bank loan in 1992. Beman testified that he withdrew his savings account money to pay off the motorcycle loan in late November 1992. County claims he cashed out his savings account just before he applied for assistance with County and this money should have been applied to his medical bill. Beman testified if he used the account money to pay on the Hospital bill, he would still owe Hospital over half the bill and he would still owe the bank $3,000. His other debts would still exceed $55,000. Beman eventually sold the motorcycle in 1994 for approximately $1,500. County has not shown the trial court's finding of "indigency" to be erroneous.

schedules, he listed several medical debts. County claims once these other debts are discharged, Beman would not be eligible for County assistance because of his decreased debt load. County claims the court erred by not considering Beman's bankruptcy discharge in determining his indigency.

According to 11 U.S.C. § 524(e):

Except as provided ... discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

A discharge in bankruptcy frees the bankrupt from personal liability but does not extinguish the debt. *U.S. v. Midwest Livestock Producers Coop.*, 493 F.Supp. 1001, 1002 (E.D.Wis.1980) (citations omitted). A bankruptcy creditor may bring an action against a surety or guardian or other third person despite the bankrupt's discharge. *See R.I.D.C. Indus. Dev. Fund v. Snyder*, 539 F.2d 487 (5th Cir.1976) (*cert. den.* 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977)).

As noted by the Idaho Supreme Court: [I]n view of the fact that the Hospital possessed a right to pursue the claim for medical indigency benefits independent of that of [bankrupt's], it was not prejudiced by the fact that its claim was inventoried on [bankrupt's] petition in bankruptcy. Although the Hospital was entitled to look to [him for payment before he filed bankruptcy], it also had the right under our Idaho statutes to collect from the responsible county. It is precisely because patients in cases such as this cannot reasonably be expected to pay the amount incurred for hospitalization, that the legislature recognized medical indigency and gave hospitals such a right.

*Carpenter v. Twin Falls County*, 107 Idaho 575, 691 P.2d 1190, 1201 (1984).

Medical indigency is to be determined in light of the facts that exist upon hospital admission and at the time the bill is due. *Davison County*, 319 N.W.2d at 492. At the time of hospital admission and at the time the bill was due, Beman had not filed for bankruptcy. He owed approximately $60,000 and had approximately $4,500 in assets. The court found Beman was "indigent" and County has not shown this finding to be error.

We affirm.

MILLER, C.J. and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.