WHEATLAND COUNTY ET AL., APPELLANTS, *v.* JEFFREY AND
PENNY BLEEKER, RESPONDENTS.

No. 13995.
Submitted on Briefs Jan. 23, 1978.
Decided Feb. 1, 1978.
575 P.2d 48.

Gordon R. Hickman, Harlowton, Thomas H. Mahan, Helena, for
appellants.

William E. Berger, Lewistown, for respondents.

ACTING CHIEF JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal from an order of the District Court, Wheatland County, affirming the March 29, 1977 order of the Montana Board of Social and Rehabilitation Appeals (Board) finding respondents eligible for county medical assistance and ordering appellant Wheatland County to pay $1,622.69 in medical bills incurred by respondents.

On October 26, 1975, respondents Jeffrey and Penny Bleeker, Wheatland County residents, applied for medical assistance from Wheatland County.

The Bleekers incurred medical bills relative to the asthmatic condition of Penny Bleeker and subsequent birth complications. They were making payments on a $1,300 medical bill related to the asthma treatments for which they requested no medical assistance. The application for assistance therefore pertains to a remaining balance owed by them of $3,202.25.

The couple is employed at the American Fork Ranch near Harlowton, Montana. Jeffrey Bleeker is a general ranch hand and Penny Bleeker cooks for the ranch crew. Their combined gross income is approximately $500 per month from which they net $470.75. The couple received free housing, food, utilities and a small amount of gasoline from their employer.

Wheatland County denied the requested assistance. The Bleekers thereafter requested a fair hearing before the State Department of Social and Rehabilitation Services. The hearing was held on January 15, 1976, before Hearing Officer Henry Flatow.

At the time of the hearing, the Bleekers were both 22 years of age. The couple testified they had equity in two vehicles, both being items of essential personality; they owned a work horse; and maintained savings in the approximate amount of $96.76, for a total value of $1,596.76 in resources. The total monthly expense of the couple, consisting primarily of credit payments was shown to

represent slightly more than $400 per month, without regard to $50 required to be set aside monthly for payment of income taxes at year end.

At the time of hearing, Wheatland County maintained a county medical assistance plan which states, in part:

"Applicants and recipients whose income is at or below the standard in effect for the Medically Needy program for the size of the household will be eligible from an income standpoint.

"Applicants and recipients whose income is between the Medically Needy standard and 300 percent of the current SSI or ADC winter standard for the size of household will be eligible from an income standpoint subject to a prorated spend down of all such income in excess of the Medically Needy Maximum for a period of six months."

The Montana Administrative Code, 46-2.10(14)-S11120, provides the welfare standard for public assistance is $178 per month for a three person family, where the family pays no rent.

The Bleekers argued that their income, being less than 300 percent of the $178 monthly standard, or $534, rendered them eligible for county medical assistance. Wheatland County principally contended the free living items received by the Bleekers were "income", placing the Bleekers over the eligibility limit.

The Hearing Officer concluded the Bleekers were eligible for $1,622.69 in assistance under section 71-308, R.C.M.1947, to be paid by Wheatland County. The Bleekers were to remain responsible for the remaining balance of the debt, in accord with the spend down formula.

Wheatland County appealed the decision to the Board. On April 26, 1976, the Board reversed the decision of the Hearing Officer on the ground the Bleekers' gross income included the value of the supplied living necessities, therefore exceeding the statutory eligibility level. On May 26, 1976, the Bleekers appealed the Board's decision to the District Court, Wheatland County. Shortly thereafter, the Bleekers moved that the Montana Department of Social and Rehabilitation Services be joined as a party to the District Court

proceedings; the motion was granted. The District Court reversed the decision of the Board, determining the Board had based its decision on rules adopting subsequent to the date of the Bleekers' original application for assistance. The cause was remanded to the Board with directions to apply the law as it existed in October, 1975.

Upon remand, the Board, by letter dated March 29, 1977, affirmed the Hearing Officer's original decision that the Bleekers were eligible for assistance.

Wheatland County then requested judicial review of the Board's second decision. On May 20, 1977, the District Court entered an order affirming the Board's decision of March 29, 1977. Wheatland County appeals this order.

The issues on review are:

(1) Was the Board's determination of eligibility as affirmed by the District Court, erroneous as a matter of law?

(2) Was the decision clearly erroneous in view of the reliable, probative and substantial evidence on the entire record?

*Issue 1.* Appellant argues that the decision to the effect that "income" for purposes of determining eligibility for medical welfare benefits does not include compensation in the form of free rent, food, utilities and gas is erroneous, as a matter of law. Rather, appellant advances the position that "income" contemplates actual or potential gross income derived from any and all sources, including the value of the free items previously mentioned.

Section 71-308(1), R.C.M.1947, authorizes the provision of medical aid and hospitalization to indigents by the various counties:

"(1) Except as provided in other parts of this act, medical aid and hospitalization for * * * county residents unable to provide these necessities for themselves are the legal and financial duty and responsibility of the board of county commissioners, and are payable from the county poor fund. * * *"

■ The intent of the county medical assistance program, sec-

tion 71-308, is to extend broad coverage to those who, due to calamitous circumstances, are faced with medical costs they cannot hope to meet. In *St. Patrick Hospital v. Powell County*, (1970), 156 Mont. 153, 159, 477 P.2d 340, this Court articulated the liberal parameters of coverage entailed by section 71-308:

"* * * we do not understand the legislative intent to be that in order for a person to be an 'indigent person' within the meaning [of the general welfare statutes] to receive medical assistance there must be a total lack of resources. Rather, we believe the legislative intent was to include those persons who do not have the present or future hope of resources sufficient to pay for all the medical and hospital services required in emergency instances." 156 Mont. 159, 160, 477 P.2d 343. (Bracketed material added.)

See *State ex rel. Hendrickson v. Gallatin County*, (1974), 165 Mont. 135, 526 P.2d 354.

Therefore, the proper measure for eligibility is based on the applicant's available, spendable income or resources. Certainly rent, food, and utilities cannot be converted into the cash necessary to pay medical bills for, as assets, they are without the characteristic attributes of liquidity. The District Court was correct in affirming the exclusion of such items from the determination of the Bleekers' eligibility for medical assistance.

*Issue 2.* Wheatland County additionally argues there is reliable, probative and substantial evidence of record that Bleekers' income exceeded eligibility limitations. Appellant refers us to the record of the Fair Hearing, in which Wheatland County Commissioner Brewington testified the Bleekers' salary, when considered with the value of the free items received would be equivalent to a salary of $1,000 per month. It is stressed that such testimony was never denied, contradicted, nor attacked by way of cross-examination.

The standard for review of a decision of an administrative body is set forth in section 82-4216(7), R.C.M.1947:

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court

may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

"* * *

"(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record * * *."

We must therefore find the decision "clearly erroneous" to effect a reversal of the District Court decision.

■ The "substantial evidence" of noneligibility referred to by appellant consists of an unsolicited opinion voiced by an interested party, with no foundation therefor being laid. Commissioner Brewington expressed no firsthand knowledge of the actual value of any items received by the Bleekers, nor did he itemize the benefits received and assign specific pecuniary values thereto. Such cannot be considered "reliable, probative and substantial evidence" of the value of such items, nor can it be said the District Court decision was clearly erroneous because of such evidence. To the contrary, the overwhelming weight of evidence demonstrates the Bleekers were forced to incur large bills for emergency medical treatment, which they do not have the present or future hope of meeting on their own.

The order of the district court is affirmed.

MR. JUSTICES HASWELL, DALY and SHEA concur.