No. 83-75

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

ADELINE DONNES,

        Petitioner and Appellant,

  -vs-

STATE OF MONTANA, ex rel., SUPERINTENDENT OF
PUBLIC INSTRUCTION, and BOARD OF TRUSTEES,
CARBON COUNTY SCHOOL DIST. #1,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Utick, Grosfield & Uda; Joan A. Uda argued, Helena,
        Montana

    For Respondent:

        John W. Larson argued, Helena, Montana
        Arthur W. Ayers, Jr., argued, Red Lodge, Montana

---

                  Submitted:  September 15, 1983

                    Decided:  November 23, 1983

Filed: NOV 23 1983

Ethel M. Harrison

Clerk

The Honorable Douglas G. Harkin delivered the Opinion of the Court.

Petitioner Adeline Donnes (Donnes) appeals her termination as a tenured teacher by the Carbon County Board of Trustees (Trustees). The decision of the Trustees to terminate Donnes was reviewed and sustained by the County Superintendent of Schools (County Superintendent), and the State Superintendent of Public Instruction (State Superintendent) and the First Judicial District Court. At each level, sufficient evidence was found to support her termination because of her poor relationship with her students in the sixth grade. We affirm.

The following issues are raised by appellant:

1. Are the administrative and court decisions upon which this appeal is based fatally defective under the Montana Administrative Procedure Act, and is the District Court's decision clearly erroneous because not supported by reliable, probative and substantial evidence on the record as a whole?

2. Was the Trustees' termination of Donnes as a tenured teacher in violation of due process requirements, and in violation of the covenant of good faith and fair dealing in employment contracts?

3. Did the County Superintendent commit reversible error in adopting verbatim the proposed findings of fact and conclusions of law submitted by the attorney for the Trustees?

Donnes was a tenured teacher with 35 years of teaching experience. The evidence suggests that she performed well "in the cognitive area," but, despite warnings, received negative evaluations, had frequent confrontations with

2

parents and the school principal, and was abusive, arbitrary and insensitive to the students' feelings. Donnes is now in her late sixties and asks not that this Court reinstate her, but that it award back pay to her if her termination is overturned.

Donnes was first notified of her termination in March of 1977, after the Trustees followed the principal's recommendation and voted unanimously not to rehire her. Upon her request, Donnes was furnished with a specific statement of reasons for her termination and was granted a hearing by the Trustees, who then affirmed their decision to fire her. They also added reasons 5 and 6 to the following statement of reasons for her termination:

1. Belittling and ridiculing students by making degrading comments about students in the presence of students.

2. Failure to satisfactorily correct problems as outlined in a post-evaluation with the principal.

3. Creating negative feeling toward school, which substantially impairs normal educational progress.

4. Inconsistent and erratic grading practices.

5. Failure to sign Evaluation according to Trustees' policy.

6. Repeated physical abuse or corporal punishment contrary to statute.

In May of 1977, upon Donnes' petition, the County Superintendent conducted a hearing. A transcript was made and records of Trustees' meetings and letters, were entered into the record. The principal testified extensively, but much of his evidence of specific instances of Donnes' conduct

3

was hearsay. The hearsay evidence from the principal was admitted by the County Superintendent for the limited purpose of showing that complaints had been received, not that the accusations were true. The only other witness actually testifying about Donnes' conduct was the mother of a girl who had received a "U" (unsatisfactory) grade from Donnes. This witness was also the wife of a member of the Trustees.

There is much conflict in the transcript regarding Donnes' awareness of the problems and complaints, whether she actually abused the students, and whether she had been warned by the principal that he would recommend her termination if her conduct did not improve. The record includes evidence that the Trustees had attempted to terminate Donnes two years earlier for physically disciplining certain children, but that attempt was unsuccessful because it was not properly effected, and was overturned after review by the County Superintendent.

On July 1, 1977, the County Superintendent upheld the Trustees' termination of Donnes. However, the only significant finding supporting the County Superintendent's decision was that "[t]he Board of Trustees . . . had substantial evidence upon which to base its decision."

The State Superintendent denied Donnes' petition for a hearing de novo, and held reasons 5 and 6 must be stricken. After a hearing at which Donnes testified and was allowed to present additional evidence, the State Superintendent concluded that even without reasons 5 and 6, there was sufficient evidence to support the County Superintendent's decision. The State Supperintendent issued detailed findings

4

of fact based upon (1) its review of the written transcript of the hearing before the County Superintendent, (2) testimony of Donnes before the hearing examiner appointed by the State Superintendent and (3) the remainder of the record.

Donnes petitioned the District Court for administrative review, reinstatement and an award of back pay or, in the alternative, an order directing the State Superintendent to hold a hearing de novo. The District Court affirmed the decision of the State Superintendent and this appeal followed.

MAPA DEFECTS

Donnes argues two substantial defects in the decision of the County Superintendent. First, the County Superintendent failed to include findings of fact with an explicit statement of the underlying facts supporting the findings as required by the Montana Administrative Procedure Act (MAPA) at Section 2-4-623(1), MCA. Second, the County Superintendent failed to rule on Donnes' proposed findings of fact as required by the MAPA at Section 2-4-623(4), MCA. Donnes argues that because of these defects, the administrative decision was "made upon unlawful procedure", was made in violation of statutory provisions and substantially impaired the rights of the appellant because findings of fact were not made. Section 2-4-704(2)(a), (c), (g), MCA.

The provisions of MAPA became applicable to school controversies on July 1, 1977 when the statutory definition of "agency" was amended to include state and county superintendents. See Yanzick v. School District No. 23 (Mont. 1982), 641 P.2d 431, 39 St.Rep. 191; Section 2-4-102(2)(c), MCA amd. Section 2, Ch. 285, Laws of Montana

5

(1977). July 1, 1977 was also the date of the decision of the County Superintendent.

Although the 1977 amendments to the MAPA do not contain an express provision defining the effect upon pending proceedings, the MAPA, at its original enactment in 1971, provided that "pending proceedings shall not be affected". Section 26 of Ch. 2, Ex. Laws of 1971. Consistent application of such a clear statement of legislative intent mandates that the 1977 amendment to the MAPA does not apply to the Donnes proceeding that was then pending before the County Superintendent. Donnes' argument that the MAPA applies to the proceeding before the County Superintendent is without merit.

SUFFICIENCY OF EVIDENCE

Donnes also argues that the District Court's decision is clearly erroneous because it was not supported by reliable, probative and substantial evidence on the record as a whole pursuant to Section 2-4-704(2)(e), MCA. Specifically, Donnes urges that (1) the evidence of incidents of improper conduct was merely a list of complaints admitted into evidence for the purpose of establishing the fact of the complaints only, and that for any other purpose the incidents were hearsay, (2) the only other evidence was unreliable as it was the testimony of Mrs. Maurlen Marcusson, the mother of a student who received a "U" (unsatisfactory) grade from Mrs. Donnes.

The District Court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Section 2-4-704(2), MCA; Yanzick v. School District No. 23 (Mont. 1982), 641 P.2d 431, 438, 39 St.Rep. 191, 200. To effect a reversal of the District

6

Court's decision based on the weight of evidence, this Court must find the decision of the District Court to be "clearly erroneous". Section 2-4-704(2)(e), MCA; Wheatland County v. Bleeker (1978), 175 Mont. 478, 575 P.2d 48.

It is true that much of the principal's testimony was admitted solely for the purpose of establishing the fact of complaints. However, beyond that testimony, there is ample evidence to support the decision of the District Court:

1. There were a great number of complaints about Donnes' treatment of her students;

2. Mr. Gist, the principal, investigated the complaints and in his opinion most were well founded;

3. Mr. Gist testified as to his own observations of students crying and disruptions in Donnes' classroom;

4. Mr. Gist was of the opinion that Donnes was an ineffective teacher from the standpoint of dealing with the feelings of the school children;

5. Both Mr. Gist and Mrs. Marcusson knew some of Donnes' students personally, and noted a very definite change for the worse in the attitude of these students toward Donnes and the school after attending her class;

6. Mr. Gist testified that he did not feel Donnes progressed in her relationships with her students between November 1976 and March 1977;

7. Mrs. Marcusson personally observed the teaching of Donnes on a daily basis, for nearly three weeks; and

8. Mrs. Marcusson testified that Donnes frequently wasted more than one-half of each class bickering with students and frequently disciplined students erroneously.

Donnes' contentions of hearsay and unreliability notwithstanding, this Court finds this evidence to be sufficient to support the independent and consistent decisions of the Trustees, the County Superintendent and the District Court.

GOOD FAITH AND FAIR DEALING

Donnes next contends that her firing and the circumstances surrounding her firing were a violation of due process and the covenant of good faith and fair dealing in the employment contract. Donnes refers this Court to the covenant of good faith and fair dealing in employment contracts recognized by this Court in Gates v. Life of Montana Ins. Co. (Mont. 1983), 668 P.2d 213, 215, 40 St.Rep. 1287, 1289. This issue is not properly before this Court as no such tort was pled in the District Court. It is well settled that a party may not change his theory on appeal to this Court from that advanced in the trial court. Velte v. Allstate Ins. Co. (1979), 181 Mont. 300, 593 P.2d 454; Chamberlain v . Evans (1979), 180 Mont. 511, 591 P.2d 237; Sturdevant v. Mills (1978), 177 Mont. 137, 580 P.2d 923.

Donnes' allegations of denial of due process are therefore relevant only to the extent that they demonstrate prejudice to the substantial rights of the appellant justifying reversal of the agency decisions under Section 2-4-704(2)(a), MCA. None of the alleged breaches of due process kept Donnes from having a full, fair and correct adjudication of her substantive rights.

VERBATIM ADOPTION OF FINDINGS

Finally, Donnes challenges the County Superintendent's verbatim adoption of the proposed findings of fact and

8

conclusions of law submitted by the attorney for the Trustees. Findings and conclusions which are "sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and which are supported by the evidence," will not be prejudicial merely because the court followed proposals of counsel. In Re the Marriage of Parenteau (Mont. 1983), ____, P.2d ____, ____, 40 St.Rep. 815, 819.

The decision of the District Court is affirmed.

_Douglas G. Harkin_
Hon. Douglas G. Harkin
District Judge, sitting in
place of Mr. Justice
Frank B. Morrison, Jr.

We concur:

_Frank J. Haswell_
Chief Justice

_Daniel J. Shea_

_Fred J. Weber_

_L. C. Gulbrandson_

_John C. Sheehy_

Justices

Mr. Justice John Conway Harrison, dissenting.

I respectfully dissent. In so doing, I find that the fact situation here requires that someone speak out to the point of due process and the covenant of good faith and fair dealing with this teacher. Adeline Donnes gave the school system of Carbon County thirty-two years of faithful service prior to March 7, 1977, when the Board of Trustees voted at a special meeting not to renew her contract for the year 1977-78. Records reveal that she was not notified that her contract would be discussed at that meeting, and was not present.

She was, however, notified of the decision to fire her in a letter dated March 14, 1977. She requested a written statement "declaring clearly and explicitly specific reason or reasons" for such termination, by letter dated March 21, 1977.

On March 22, the Board held another special meeting specifically "to formulate the reasons for not offering Mrs. Adeline Donnes a contract for the 1977-78 school year." The reasons arrived at by the Board during the meeting were:

> "1.    Belittling and ridiculing students by making degrading comments about students in the presence of students.
>
> "2.    Failure to satisfactorily correct problem areas as outlined in a post-evaluation with principal.
>
> "3.    Creating negative feeling toward school, which substantially impairs normal educational progress.
>
> "4.    Inconsistent and erratic grading practices."

On March 22, 1977, the Board mailed Mrs. Donnes a second and almost identical letter notifying her of

10

termination, which was done because the first letter was not sent by certified mail, as required by statute. The second letter was sent by certified mail, but did not contain a copy of Section 20-4-204, MCA, which is required by the statute to accompany such letters.

By letter dated March 28, 1977, the Board gave Mrs. Donnes a statement of its reasons for termination as required by the statute, which were word for word as quoted above, from the Board's minutes of its March 22, 1977, meeting; Mrs. Donnes then requested a termination hearing before the Board.

By letter dated April 8, 1977 (a Friday), the Board notified Mrs. Donnes that her termination hearing would be held on April 11, 1977 (the following Monday), at 6:35 p.m.

As scheduled, this hearing was held on April 11, 1977. It commenced at 6:30 p.m. and ended at 7:15 p.m., after which the Board went into special session and voted to affirm their previous decision to terminate Mrs. Donnes' services. The Board also then voted to add two new reasons for termination to those previously decided:

"5. Failure to sign Evaluation according to Board policy.

"6. Repeated physical abuse or corporal punishment contrary to statutes."

By a letter dated April 19, 1977, the Board notified Mrs. Donnes that they had affirmed the termination decision and of additional reasons for termination.

Mrs. Donnes appealed the decision to the Carbon County Superintendent of Schools, Peggy Ann Kotar, who held a hearing on May 10, 1977. Superintendent Kotar issued her

11

findings and order sustaining the Board's decision on July 1, 1977. Superintendent Kotar did not send a copy of the order to Mrs. Donnes, and Mrs. Donnes did not become aware of the order until August, 1977. On August 16, 1977, Mrs. Donnes appealed Superintendent Kotar's order to the State Superintendent of Public Instruction.

On October 13, 1977, the State Superintendent signed a notice of hearing, scheduling a hearing to be held on October 19, 1977. This October 13th notice of hearing was actually mailed out to the parties on October 17, 1977, two days prior to the hearing. On October 18, 1977, the State Superintendent appointed Corbin Howard, her staff attorney, as hearing examiner, and the hearing was held as scheduled on October 19, 1977.

This was a "supplementary hearing" and not a hearing de novo as requested by Mrs. Donnes.

The hearing examiner issued his findings of fact, conclusions of law, ten months later on July 6, 1978, and exceptions were filed on behalf of Mrs. Donnes. The State Superintendent filed the final order on November 6, 1978.

On December 5, 1978, Mrs. Donnes appealed this decision to the District Court. Upon Respondent State Superintendent's motion to dismiss, the Honorable Gordon R. Bennett ruled: (1) that Mrs. Donnes' appeal to the State Superintendent was timely filed; (2) that Mrs. Donnes was not entitled to a hearing de novo before the State Superintendent; (3) that the Montana Administrative Procedure Act, Section 2-4-101 et seq., MCA, applies to teacher appeals; and (4) that the State Superintendent's motion to dismiss her appeal was denied.

12

On November 1, 1979, Judge Bennett withdrew from the case and the Honorable William J. Speare was substituted. None of the parties were notified of the substitution at that time, due to an oversight by the Clerk of Court's office in failing to mail copies to any of the parties.

After further preliminary matters the case was submitted for the court's decision on June 13, 1980, the District Court denied the State Superintendent's "renewed" motion to dismiss on January 21, 1982, and also denied Mrs. Donnes' motion for a supplemental hearing before the District Court to take supplemental evidence on procedural irregularities as permitted by Section 2-4-704, MCA. The court then set a final briefing schedule and the matter was submitted March 31, 1982 for the final decision by that court on January 13, 1983.

Of the three issues set forth in the appeal, I feel that all are of the utmost importance, but in view of the fact that the majority uphold the procedures followed herein, I will direct my comments to the first two issues, that of the administrative and court decision upon which the appeal was based being fatally defective under the Montana Administrative Procedure Act and therefore erroneous, and the due process question raised on the second issue.

It is my opinion that the standard of review for the Montana Administrative Procedure Act (MAPA) as applied to teachers' appeals was set forth in Yanzick v. School District No. 23 (1982), 641 P.2d 431 at 438, 196 Mont. 375 at 387. In Yanzick this Court stated, "Under this section, [2-4-704, MCA] the District Court may not substitute its judgment for that of the County Superintendent as to the

weight of the evidence on questions of fact." Therefore, Yanzick requires that the decision of the County Superintendent be the key decision for the judicial review of termination of a tenured teacher.

Under Montana law it is clear that the provisions of Section 2-4-623, MCA, apply to the findings and conclusions prepared by both the State and County Superintendents in tenured teacher appeals. Additionally, this Court made clear in Yanzick, supra, our scope of review when the case is presented to us.

> "We hold that this Court should not substitute its judgment for that of the County Superintendent as to the weight of the evidence on questions of fact and that this Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings and conclusions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." 641 P.2d at 439, 196 Mont. at 388.

In my opinion, in the instant case, the findings of fact and conclusions are defective in a number of instances, and are "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."

First, the County Superintendent made no findings of fact from the evidence presented before her on the May 10, 1977 hearing. Her findings of fact concerned solely the procedural events which preceded that hearing. She ignored the elementary facts before her and made no comment on the weight she placed upon those facts as required by Section 2-4-623, MCA. Nor was the deficiency corrected by either her findings of fact and conclusions of law, or her order which states her conclusion that "substantial evidence"

14

existed, without indication as to what the substantial evidence was.

I note that the sole witness before the State Superintendent was Mrs. Donnes. No witnesses for the Board of Trustees appeared before the State Superintendent. Thus, the State Superintendent was not in the position of "trier of fact;" she did not have the benefit of hearing all the witnesses. What she did in my opinion, is precisely what Section 2-4-704(2), MCA, forbids: she attempted, by issuing her own findings of fact, to substitute her judgment on evidentiary questions for that of the County Superintendent. These after-the-fact findings do not correct the glaring and totally deficient hearings of this County Superintendent.

The Carbon County Superintendent's decision, therefore, is the central decision upon which the validity of this case rests, and is in my opinion entirely defective and clearly erroneous. Here, the County Superintendent never ruled on the weight of the evidence presented by the Principal of the school, Mr. Gist. The list of complaints that Mr. Gist presented contained the "substance" of most of his testimony. This was objected to by Mr. Worswick, the MEA representative, who on a two day notice appeared to assist Mrs. Donnes in her difficulties and who made the objection that the testimony was hearsay.

In addition the County Superintendent's decision is in my opinion defective because she failed to rule on Mrs. Donnes' proposed findings and conclusions, as required by Section 2-4-623(4), MCA.

Also, under Section 2-4-704(2)(c), MCA, the County Superintendent's decision was "made upon unlawful

15

procedure," because she did not clearly follow the statutory decision-making requirements of Section 2-4-623, MCA, in that she failed to make findings of fact, failed to cite authorities, failed to give reasoned opinions and failed to rule on Mrs. Donnes' proposed findings and conclusions. In addition she did not make findings of fact on issues essential to the decision, even though the proposed findings and conclusions were submitted on behalf of Mrs. Donnes.

More important, I find that the evidence here is incredible upon which to base a finding of fact and conclusion upon. Although several witnesses appeared to testify on Board procedures only two, Mr. Gist and Mrs. Marcuson, appeared to testify on substantial matters concerning Mrs. Donnes.

In regard to Mrs. Marcuson, she is the mother of a student who had some difficulties in the appellant's class due to alleged discipline complaints. Mrs. Marcuson's husband, was a member of the School Board who was present and voted on April 11, 1977, to terminate the services of Mrs. Donnes.

The relationship between the School Board member and Mrs. Marcuson, is in my opinion, a very telling factor in the unfair procedure that Mrs. Donnes suffered. Mr. Marcuson was not, although attorney was present for the Board, requested to decline to participate in the proceedings, since his wife was the sole parent to appear, and this to me is fatal.

Next for consideration, I feel that the Board's firing of Mrs. Donnes was a violation of due process and a violation of covenant of good faith and fair dealing in the

employment contracts. This Court held recently in Gates v. Life of Montana Ins. Co. (Mont. 1982), 638 P.2d 1063, 1067, 39 St.Rep. 16, 20, that there is a covenant of good faith and fair dealing in employment contracts. That good faith in my opinion should be applicable to a tenured teacher case. In the instant case, the denials of good faith, fair dealings and due process are numerous and appalling.

I find that the Board of Trustees' procedures in the April 11, 1977, "hearing" do not come even close to meeting the elementary and fundamental principles of a judicial inquiry. Nor was the "truth or falsity" of the charges against Mrs. Donnes ever proven, as required by a long series of cases following State ex rel. Howard v. Ireland (1943), 114 Mont. 488, 495, 138 P.2d 569.

It may well be that the time for Mrs. Donnes' departure from teaching the sixth grade, one of the most difficult grades in the school system, had come. However, she gave the best part of her life to the school system, and she was entitled to more than a shanghai operation to terminate her services. I would reverse and remand to the County Superintendent for a full hearing on this matter.

Justice

17